## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

SERGIO I. TORRES,
  Appellant,

  v.

DEPARTMENT OF HOMELAND
  SECURITY,
  Agency.

DOCKET NUMBER
DA-0752-07-0066-C-2

DATE: April 4, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Lorenzo W. Tijerina, Esquire, San Antonio, Texas, for the appellant.

Kevin W. Gotfredson, Edinburg, Texas, for the agency.

## BEFORE

Raymond A. Limon, Vice Chair
Tristan L. Leavitt, Member

## FINAL ORDER

¶1 The appellant has filed a petition for review of the November 7, 2016 compliance initial decision, which denied his second petition for enforcement of the February 12, 2007 settlement agreement resolving his removal appeal. Generally, we grant petitions such as this one only in the following

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the compliance initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2    Effective October 11, 2006, the agency removed the appellant from his position as a Border Patrol Agent with one of its components, the U.S. Customs and Border Protection (CBP), for failure to report accurate information on his time and attendance records and lack of candor. *Torres v. Department of Homeland Security*, MSPB Docket No. DA-0752-07-0066-I-1, Initial Appeal File (IAF), Tab 4, Subtab 4(b). He appealed his removal to the Board. IAF, Tab 1. During the pendency of the appeal, on February 12, 2007, the parties entered into a settlement agreement. IAF, Tab 15. In relevant part, the settlement agreement provided that the appellant would withdraw his appeal and submit a written resignation on a Standard Form (SF) 52. *Id.* at 1-2. In exchange, CBP agreed to cancel his removal, replace the SF-50 in his Official Personnel File (OPF) with one showing that he resigned for "personal reasons," and remove all documentation concerning his removal from his OPF. *Id.* at 2. The administrative judge issued an initial decision accepting the settlement agreement

into the record for purposes of enforcement and dismissing the appeal as settled. IAF, Tab 21, Initial Decision at 1-2.

¶3      The appellant filed his first petition for enforcement on April 22, 2008, alleging that CBP breached the settlement agreement by allowing its employees to disclose information regarding his removal to potential employers. *Torres v. Department of Homeland Security*, MSPB Docket No. DA-0752-07-0066-C-1, Compliance File (CF), Tab 1. The administrative judge denied this first petition for enforcement, and the appellant filed a petition for review. CF, Tab 10, Compliance Initial Decision; *Torres v. Department of Homeland Security*, MSPB Docket No. DA-0752-07-0066-C-1, Compliance Petition for Review File, Tab 1. On review, the Board noted that the settlement agreement provided for cancelling the appellant's removal action and a clean record, i.e., replacing the SF-50 showing his removal with one showing that he resigned, and expunging all references to the removal in his OPF. *Torres v. Department of Homeland Security*, [110 M.S.P.R. 482](#), ¶ 12 (2009). The Board found, therefore, that the settlement agreement required CBP to act as if the appellant had a clean record and that its communications with third parties must reflect what the replacement SF-50 showed. *Id.* The Board further found that the settlement agreement precluded CBP from disclosing the circumstances of his removal to third parties. *Id.* The Board remanded the appeal for further adjudication on the issue of breach and instructed the administrative judge to also determine whether the appellant had timely filed the petition for enforcement. *Id.*, ¶¶ 13-14.

¶4      In the remand compliance initial decision, the administrative judge found that the appellant failed to timely file his first petition for enforcement. *Torres v. Department of Homeland Security*, MSPB Docket No. DA-0752-07-0066-B-1, Remand File, Tab 7, Remand Compliance Initial Decision (RCID) at 3-7. She further found that the appellant failed to prove that CBP in fact furnished any negative information about him to the potential employer and that, in any event, his April 24, 2007 waiver authorizing the agency to furnish the potential

employer with "any and all information" released the agency from its nondisclosure obligation. RCID at 9-11. The appellant petitioned for review of the remand compliance initial decision, which the Board denied. *Torres v. Department of Homeland Security*, MSPB Docket No. DA-0752-07-0066-B-1, Final Order (Sept. 10, 2009).

¶5      In 2016, the appellant filed a second petition for enforcement of the February 12, 2007 settlement agreement arguing that CBP breached the agreement by providing negative and false information regarding his 2006 removal to another agency component, Immigration and Customs Enforcement (ICE), in connection with his application for a Deportation Officer position there. *Torres v. Department of Homeland Security*, MSPB Docket No. DA-0752-07-0066-C-2, Compliance File (C-2 CF), Tab 2 at 5-7.[2] As proof of the breach, the appellant submitted a June 13, 2016 letter of inquiry (LOI) from ICE seeking information regarding, among other things, his 2006 removal from CBP.[3] *Id.* at 18-20.

¶6      The agency responded that CBP had fully complied with the terms of the settlement agreement, including deleting from his OPF documentation related to the appellant's 2006 removal, and that it had not provided any information regarding the appellant to ICE. C-2 CF, Tab 5 at 6-8. In support of its contention that it has complied with the clean record provision, the agency provided a sworn

---

[2] The appellant also alleged that the agency's actions violated a 2005 settlement agreement, which had resolved his suspension appeal. C-2 CF, Tabs 2, 7. The administrative judge docketed a separate petition for enforcement in that matter, which she denied in a November 1, 2016 compliance initial decision. *Torres v. Department of Homeland Security*, MSPB Docket No. DA-0752-05-0527-C-3, Compliance File, Tabs 1-2, 9, Compliance Initial Decision at 1-5. Neither party filed a petition for review of that decision, and it is now final.

[3] Specifically, the LOI stated the following: "[r]ecords reflect you were originally terminated from [CBP] on or about October 11, 2006, in reference to smuggling undocumented aliens in to [sic] the United States; however, through a settlement agreement, you were allowed to submit your resignation on or about October 13, 2006." C-2 CF, Tab 2 at 18.

declaration from a Labor and Employee Relations Specialist who attested that she reviewed the appellant's OPF, that she did not find any documentation concerning his 2006 removal, and that the last document in his OPF is the October 13, 2006 SF-50 indicating that he resigned for "personal reasons." *Id*. at 128-29. The agency also submitted a sworn declaration from a Supervisory Security Specialist with ICE's Office of Professional Responsibility who attested that his office did not contact any CBP employees regarding the information in the LOI and did not utilize any information belonging to CBP regarding the appellant. *Id.* at 132-33. Rather, he explained, the information in the LOI came from "prior investigatory records belonging to ICE." *Id.* at 133. The agency further argued that, even if CBP had provided the information to ICE about the appellant's 2006 removal, CBP had not breached the settlement agreement because the appellant executed a waiver when he certified his Electronic Questionnaire for Investigations Processing (e-QIP) on or about February 25, 2016, releasing CBP from its nondisclosure obligation. *Id.* at 6-7, 9, 34. In his reply, the appellant appeared to argue that the agency had not done enough to provide him a clean record and reiterated his contention that the allegations in the LOI were false. C-2 CF, Tab 7 at 14-18.

¶7 Without holding the appellant's requested hearing, the administrative judge issued a second compliance initial decision finding that the appellant failed to prove that the agency provided information to ICE in violation of the settlement agreement and that, even if it did provide such information, the appellant's e-QIP waiver released the agency from its nondisclosure obligation. C-2 CF, Tab 8, Compliance Initial Decision (C-2 CID) at 8. Therefore, she denied the appellant's second petition for enforcement. C-2 CID at 9.

¶8 The appellant has filed a petition for review challenging the second compliance initial decision, and the agency has responded in opposition. *Torres*

*v. Department of Homeland Security*, MSPB Docket No. DA-0752-07-0066-C-2, Compliance Petition for Review (C-2 CPFR) File, Tabs 1, 3.[4]

## ANALYSIS

¶9      The Board has the authority to enforce a settlement agreement that has been entered into the record in the same manner as any final Board decision or order. *Vance v. Department of the Interior*, 114 M.S.P.R. 679, ¶ 6 (2010).  A settlement agreement is a contract, and the Board will therefore adjudicate a petition to enforce a settlement agreement in accordance with contract law.  *Id.* (citing *Greco v. Department of the Army*, 852 F.2d 558, 560 (Fed. Cir. 1988)).  The appellant, as the party alleging noncompliance, bears the burden of proving by preponderant evidence that the agency breached the settlement agreement.[5]  *Haefele v. Department of the Air Force*, 108 M.S.P.R. 630, ¶ 7 (2008).  In response to a petition for enforcement claiming breach of a settlement agreement, the agency should submit evidence of the measures it took to comply, but this is a burden of production only; the overall burden of persuasion on the breach issue remains with the appellant.  *Turner v. Department of Homeland Security*, 102 M.S.P.R. 330, ¶ 5 (2006).  An administrative judge should hold an evidentiary hearing if there is a genuine issue of material fact concerning the agency's breach of a settlement agreement.  *Id.*; *see* 5 C.F.R. § 1201.183(a)(3).

---

[4] In addition to challenging the administrative judge's finding that the appellant failed to prove breach of the settlement agreement, he argues on review that CBP violated 5 C.F.R. § 293.103(b) by releasing false information about him to ICE, violated the Privacy Act by "enhanc[ing]" his personnel file, and provided additional false information to ICE unrelated to his 2006 removal.  C-2 CPFR File, Tab 1 at 10-11. These allegations, however, are unrelated to the 2007 settlement agreement and thus are beyond the scope of this compliance proceeding.  Therefore, we do not consider them further.

[5] A preponderance of the evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue.  5 C.F.R. § 1201.4(q).

¶10    In the second compliance initial decision, the administrative judge found that, although it was unclear where ICE obtained the information pertaining to the appellant's 2006 removal, the sworn declarations submitted by CBP reflected that it did not provide the information and that the appellant failed to rebut those declarations with any evidence to the contrary. C-2 CID at 7-8. She noted that the declarations did not preclude the possibility that CBP failed to eliminate the information from records that were accessible by other components of the agency, including ICE, but that the settlement agreement did not require CBP to do so. C-2 CID at 8. She further found that, even if CBP did provide to ICE the information regarding the appellant's 2006 removal and settlement, the appellant's e-QIP waiver released CBP from its nondisclosure obligation. *Id.*

¶11    On review, the appellant reiterates his argument that CBP violated the settlement agreement by intentionally releasing false and derogatory information about him to ICE and argues that the administrative judge erred by failing to hold a hearing to determine whether the agency breached the settlement agreement. C-2 CPFR File, Tab 1 at 9-11. He challenges the Supervisory Security Specialist's sworn statement that the information about his 2006 removal came from ICE's own records because he "has no record of ever working for ICE, prior to his current application." *Id.* at 10. He also argues that ICE's possession of incorrect information regarding his rescinded 2006 removal is prima facie evidence of breach. *Id.* For the reasons that follow, we find these arguments unpersuasive.

¶12    As noted above, the settlement agreement resolving the appellant's 2006 removal appeal provided that he would receive a "clean record," i.e., replacement of the SF-50 showing his removal with one showing that he resigned and expungement of all references to the removal in his OPF. *Torres*, 110 M.S.P.R. 482, ¶ 12; C-2 CF, Tab 5 at 26. This provision requires not only that CBP expunge removal-related documents from the appellant's personnel file, but also that it act as if the appellant had a clean record in dealings and communications

with third parties. *Torres*, [110 M.S.P.R. 482](#), ¶ 12.  Therefore, CBP is precluded under the terms of the contract from disclosing information related to the appellant's removal.  *See id.*  As correctly noted by the administrative judge, however, the settlement agreement does not require CBP to ensure that every system within the entire agency, including those within other components of the agency, such as ICE, are free from references to the appellant's removal and the settlement thereof.  C-2 CID at 8; C-2 CF, Tab 5 at 26; *see Shirley v. Department of the Interior*, [120 M.S.P.R. 195](#), ¶¶ 21-23 (2013) (finding that the presence of documents referencing the appellant's removal in a separate file in a separate office did not violate the clean record provision of the settlement agreement, which required the agency to "remove any and all documents related to Appellant's removal from Federal service from the Appellant's OPF").

¶13        In light of the foregoing, we find no merit to the appellant's assertion that ICE's mere possession of information about his 2006 removal establishes that CBP breached the settlement agreement.  Absent any evidence to rebut the sworn declarations attesting that CBP complied with the settlement agreement's clean record provision and did not provide information to ICE about the appellant's 2006 removal, we agree with the administrative judge's determination that the appellant failed to satisfy his burden of proving by preponderant evidence that a breach actually occurred.  In addition, the appellant's conclusory and vague allegations of breach fall well short of establishing a genuine issue of fact as to warrant a hearing, and we find that the administrative judge properly decided the matter without holding the appellant's requested hearing.  *See Turner*, [102 M.S.P.R. 330](#), ¶ 5.

¶14        As noted above, the administrative judge also found that, even if the appellant established that CBP provided the information regarding his 2006 removal to ICE, his e-QIP waiver released CBP from its nondisclosure obligation.  C-2 CID at 8.  The appellant challenges this finding on review, arguing that he would not have signed the e-QIP waiver if he had known that the agency would

"enhance" his personnel file and fail to provide him a "clean paper" record pursuant to the settlement agreement.  C-2 CPFR File, Tab 1 at 10-11.  However, the appellant has not provided any evidence on which to disturb the administrative judge's alternate finding that the appellant executed a valid and enforceable waiver releasing CBP from its nondisclosure obligation.  C-2 CID at 8; *see generally Lee v. U.S. Postal Service*, 111 M.S.P.R. 551, ¶¶ 9-10 (2009) (finding that an appellant's unilateral mistake as to the scope of a waiver of rights in a settlement agreement did not provide a basis for finding the waiver unenforceable), *aff'd per curiam*, 367 F. App'x 137 (Fed. Cir. 2010).

¶15        Accordingly, we affirm the denial of the appellant's second compliance petition for review.

## NOTICE OF APPEAL RIGHTS[6]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).   If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit

---

[7]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                          /s/ for

                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.